UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

XYZ Corp.

                        Plaintiff              Case No.:  24-cv-4428-LLS

        v.                                     **COMPLAINT FOR COPYRIGHT**
                                               **INFRINGEMENT AND**
Individuals, Corporations, Limited             **VIOLATIONS OF 17 U.S.C. §1202**
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,                **JURY TRIAL DEMANDED**

                        Defendants.
-------------------------------------------------------x

        Plaintiffs ███████████████████████ (collectively, the "Plaintiffs"),
hereby alleges as follows against the individuals, corporations, limited liability companies,
partnerships, and unincorporated associations and foreign entities identified on **Schedule A**
attached hereto (collectively, "Defendants").

## INTRODUCTION

        1.      This action has been filed by Plaintiff to address the widespread infringing activities
of Defendants that are harming its copyrights. Through highly interactive websites, Defendants,
and each of them, commercially promote, advertise, distribute, offer to sell, and/or sell goods,
including digital files, in interstate commerce exploiting exact copies or virtually identical copies
of works of art owned by Plaintiff  (the "Infringing Products"). Each Defendant is unlawfully
offering for sale, selling, and/or displaying the Infringing Products within their respective e-
commerce storefronts (the "Online Storefronts"), operated through Etsy.com, ("Etsy"). As a result
of Defendants' actions, Plaintiff has been and continues to irreparably damaged through the

tarnishing of its valuable copyright and goodwill, as well as diverting sales from lawful sources selling Plaintiff's works of art. As such, Plaintiff seeks injunctive and monetary relief.

## SUBJECT MATTER JURISDICTION

2.      This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 et seq. as amended).

3.      This Court has subject matter jurisdiction over Plaintiffs' copyright infringement claims under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended) and 28 U.S.C. §§ 1331 and 1338.

## PERSONAL JURISDICTION AND VENUE

4.      Defendants are subject to personal jurisdiction in New York by virtue of their purposefully directed business activities toward consumers throughout New York and the United States, accomplished through their respective Online Storefronts accessible in New York.

5.      Personal jurisdiction exists over Defendants in New York and this Judicial District pursuant to C.P.L.R. § 301, C.P.L.R. § 302(a)(1) and/or C.P.L.R. § 302(a)(3), or in the alternative, Fed. R. Civ. P. 4(k).

6.      In the further alternative, certain Defendants are domiciled in New York or otherwise have continuous and systematic contacts within New York.

7.      Upon information and belief Defendants regularly conduct, transact, and/or solicit business in New York and this Judicial District, derive substantial revenue from business transactions in New York and this Judicial District, and/or otherwise avail themselves of the privileges and protections of the State of New York such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

8.      Defendants, and each of them, target their business activities toward consumers throughout the United States, including within New York and this District, through their respective Online Storefronts.

9.      Defendants, and each of them, operate their commercial activities through their highly interactive Online Storefronts.

10.     Defendants, and each of them, contracted with Etsy, a New York company, to create their Online Storefronts, create the product listings containing the Infringing Products, offer for sale the Infringing Products, and sell the Infringing Products.

11.     Defendants, and each of them, in connection with each listing containing an Infringing Product, paid a fee to Etsy to list the Infringing Product on Etsy.com and upon the sale of an Infringing Product, paid a separate fee to Etsy.

12.     Defendants, and each of them, have sold, shipped, or otherwise distributed Infringing Products to consumers located in New York.

13.     Defendants, and each of them, operate their Online Storefront through Etsy, allowing New York consumers to communicate with Defendants, purchase Infringing Products and other goods, and upon completion of a sale, either ship goods to New York or deliver electronically to New York customers.

14.     Defendants, and each of them, operate their Online Storefronts through Etsy for the express business purpose of selling to consumers located across the world, including New York.

15.     Defendants' Online Storefronts, and each of them, may communicate with customers, accept orders in U.S. dollars, offer to sell and sell the Infringing Products, ship the Infringing Products to New York, and target New York consumers.

16.    Defendants, and each of them, offered for sale at least one Infringing Product to consumers in New York.

17.    Defendants, and each of them, through the offer of selling and sale of the Infringing Products, directly and unfairly competes with Plaintiffs' exclusive rights and economic interest in the state of New York, thereby causing damage to Plaintiffs within New York.

18.    The natural consequence of Defendants' actions is the diminution, if not destruction, of Plaintiffs' copyrights, namely the ability to control the production of products bearing the copyrighted Subject Works and the destruction of the legitimate market sector in which Plaintiffs operate.

19.    In the alternative, Defendants are subject to personal jurisdiction in this district pursuant to Fed. R. Civ. P. 4(k)(2) since Defendants are not subject to jurisdiction in any state's court of general jurisdiction, and exercising personal jurisdiction in consistent with the laws of the United States.

20.    Defendants, and each of them, have caused injury to Plaintiffs' copyrights inside of New York, as alleged herein.

21.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of copyright infringement in this District, including the advertising, offering to sell, selling, and/or shipping of Infringing Products to consumers in this District, and do substantial business in this District.

22.    Alternatively, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(3) because Defendants are subject to the court's personal jurisdiction and are not residents of the United States.

## PLAINTIFF AND ITS WORKS OF ART

23.     Plaintiff ███████████████████████████████

███████████████████████████, including the works of art that are the subject

of this litigation (the "Subject Works"), shown *infra*.

24.     ████████ is the author of the Subject Works.

25.     ███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████.

26.     Plaintiffs are the owners of all copyrights to the following works of art, relevant to

the instant action (the "Subject Works"):

| | Title | Registration # | Registration Date |
|---|---|---|---|
| ██ | ███████████████ | ████████ | ██████ |
| ██ | ████████████████ | ████████ | ██████ |
| ██ | ██████████████ | ████████ | █████ |
| ██ | ███████████████ | ████████ | █████ |
| ██ | ███████████████ | ████████ | ██████ |
| ██ | ████████████████ | ████████ | ██████ |
| ██ | ██████████ | ████████ | ██████ |
| ██ | ██████████ | ███████ | ██████ |
| ██ | ██████████████ | ████████ | █████ |
| ██ | ███████████ | ████████ | ████████ |
| ██ | █████████████ | ████████ | ███████ |

| ██ | ████████ | ████ | ████ |
|---|---|---|---|
| ██ | █████████ | ████ | ████ |
| ██ | ████████ | ████ | ████ |
| ██ | ███████ | ████ | ████ |
| ██ | █████ | ████ | ███ |
| ██ | █████ | ████ | ████ |
| ██ | ██████ | ████ | ███ |
| ██ | ██████ | ███ | ████ |
| ██ | ██████ | ███ | ███ |
| ██ | ███████ | ████ | ███ |
| ██ | ██████ | ████ | ████ |

27.     Annexed hereto as **EXHIBIT A** are true and accurate copies of the U.S. Copyright Registration Certificates for each of the Subject Works, along with each of the original works of art.

28.     ██████████████████████████████████ ████████████████████████████.

29.     ██████████████████████████████████ ████████████████████████████.

30.     ██████████████████████████████████ ███████████████████████████████████ ███████████████████████████████████ ██ ████████████████████████.

31. ███████████████████████████████████████████
███████████████

32. ███████████████████████████████████████████
███████████████████████████████████████████████
██████

33. ███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████.

34. ███████████████████████████████████████████
███████████████████████.

35. ███████████████████████████████████████████
███████████████████████████████████████████████
██████.

36. ███████████████████████████████████████████
████████████████████████████████████████████

37. ███████████████████████████████████████████
████████████████████████████████████.

38. ███████████████████████████████████████████
███████████████████████████████████████████████
████████████████████.

39.     Plaintiffs' products are sold directly by Plaintiffs through various websites and storefronts, as well as through licensed retailers.

40.     The success of the Subject Works has resulted in significant counterfeiting and infringing conduct.

41.     Plaintiff suffers enduring infringements of its copyrights through the intentional actions of infringers and counterfeiters, such as the Defendants.

42.     As a result, not only does Plaintiff experience financial loss, but it also experiences damage to the value of its intellectual property rights.

43.     As a result of Defendants infringing behavior, the public is deceived into believing that they are purchasing lawful products and Defendants earn substantial profits therefrom.

44.     To address the ongoing harm caused by Defendants' infringing actions, Plaintiff expends substantial resources in connection with its enforcement efforts, including legal fees.

## THE DEFENDANTS

45.     Defendants are individuals or business entities, presently identified by their fictitious online merchant seller names, each of which (a) reside or are domiciled in New York, (b) reside outside of New York, but transact business within New York, and/or (c) caused damage to Plaintiff's copyrights in New York.

46.     Defendants, and each of them, are merchants on Etsy.com.

47.     Defendants, and each of them, maintained, registered, or otherwise established their Online Storefronts through Etsy.com.

48.     Through Etsy.com, and their associated Online Storefronts, Defendants, and each of them, offer for sale, sell, distribute, import, reproduce, and/or display their merchandise and/or

digital files, including the Infringing Products, to consumers in this District and throughout the United States.

49.     Defendants, and each of them, target their business activities toward consumers throughout the United States, including within New York and this District, through their Online Storefronts.

50.     Defendants facilitate sales by designing their Online Storefronts and/or product listings so that they appear to unknowing consumers to be authorized online sellers or owners of the Subject Works.

51.     All of the Online Storefronts accept payment in U.S. Dollars and include images and design elements that create an impression of legitimacy.

52.     Each Online Storefront offers shipping to the United States, including New York.

53.     Defendants have targeted sales to New York residents, import Infringing Products through New York, and have sold Infringing Products to residents of New York.

54.     Upon information and belief, Defendants regularly go to great lengths to conceal their identities and use multiple fictitious names and addresses, such as registering their accounts with incomplete information.

55.     In addition to operating under multiple fictitious names, Defendants and defendants in other similar cases use a variety of common tactics to evade enforcement efforts, such as registering new storefronts once they receive notice of a lawsuit.

56.     Joinder of all Defendants is permissible based on Fed. R. Civ. P 20, which allows the joinder of persons in an action as Defendants where any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; any question of law or fact will be common to all Defendants in this action.

57.     Defendants, and each of them, use the endless reach of the internet to sell counterfeit, and often drastically undervalued, goods across state and international borders – all while violating Plaintiffs' copyrights.

58.     Defendants, and each of them, violated one or more of Plaintiffs' copyrights through the use of e-commerce storefronts while using online financial accounts to accept, receive, and transfer profits from their infringing conduct.

59.     Defendants have caused an occurrence of mass harm through their individual and/or joint acts of copyright infringement, as described herein.

60.     Certain Defendants have supplied, sold, or otherwise distributed copies of one or more of the Subject Works to one or more of the other Defendants, and therefore are part of the same series of transactions.

61.     Certain Defendants (the "CMI Defendants") have supplied, sold, or otherwise distributed digital files containing one or more of the Subject Works to one or more of the other Defendants, who in turn display, offer for sale, sell, and/or distribute other Infringing Products on Etsy.com.

62.     Upon information and belief, certain Defendants own multiple storefronts across multiple websites in order to expand their reach across the internet while also minimizing risks should one storefront be suspended or terminated.

63.     Upon information and belief, certain Defendants maintain multiple storefronts on Etsy.com and sell the Infringing Products through all of their storefronts, causing the Defendants to appear two or more times within Schedule A, attached hereto.

64.     Upon information and belief, Defendants use third party websites to collude and inform each other of infringement actions  in order to avoid detection and liability by publishing the pleadings, relevant works of art, and thereafter informing other Defendants and sellers to remove the infringing content from their respective storefronts.

65.     Upon information and belief, Defendants have colluded within one another regarding Plaintiffs' intellectual property enforcement strategies while publishing images of Plaintiffs' works of art in order to inform other Defendants and third-parties to remove infringing content from their respective storefronts and to transfer funds away from those accounts in order to avoid lawful restraints on the account.

66.     Joinder of all Defendants only promotes the interests of convenience and judicial economy, while severance will lead to increased costs for Plaintiffs, Defendants, and third-party Service Providers who must abide by the terms of any injunction.

67.     Under the present circumstances, joining all Defendants in this action does not affect any individual Defendants' rights or defenses.

## THE DEFENDANTS' INFRINGING CONDUCT

68.     Plaintiffs repeat, reallege, and incorporate the allegations contained in the preceding and none of paragraphs of this Complaint as if fully set forth herein.

69.     The Defendants, and each of them, operate highly interactive Online Storefronts through Etsy.com.

70.     Defendants use their Online Storefronts to infringe the intellectual property rights of Plaintiffs, by promoting, advertising, distributing, selling, and/or offering to sell the Infringing Products.

71.     Upon information and belief, Defendants use their Online Storefronts to infringe upon the intellectual property rights of others.

72.     Upon information and belief, Defendants advertise the Infringing Products within their Online Storefronts, as well as through other third-party websites, including but not limited to, various social media accounts.

73.     Defendants, and each of them, are exploiting Plaintiffs' copyrights in order to appear more trustworthy, relevant, and attractive to consumers searching for whimsical artwork like the Subject Works.

74.     Defendants, individually and jointly, are causing direct harm to Plaintiffs and consumers by (a) causing the overall diminution of the value of the goodwill associated with Plaintiffs' intellectual property assets;  (b) decreasing the value of the property itself as Plaintiffs are unable to licensee the Subject Works for their true value due to the widespread availability of lower quality imitations of the Subject Works; (c) reducing the visibility of genuine products bearing the Subject Works, (d) increasing Plaintiffs overall cost to market its goods and educate consumers via the internet.

75.     Through their infringing commercial activities, Defendants, and each of them, jointly and severally, are damaging Plaintiffs and their copyrights, for Defendants' own benefit.

76.     Defendants' counterfeiting, infringing, and unfairly competitive activities causes Plaintiffs to suffer irreparable injury, while also harming the general public through the flow of counterfeit goods across interstate and international borders.

77.     Plaintiffs have not licensed or authorized Defendants to exploit the Subject Works and none of the Defendants is an authorized retailer, wholesaler, distributor, manufacturer, etc., of products bearing the Subject Works.

78.     In comparing each and every Infringing Product, as offered for sale, with the corresponding Subject Work, it is clear that each and every Infringing Product incorporates an exact or virtually identical copy of a Subject Work.

### FIRST CLAIM FOR RELEIF
(Copyright Infringement – Against All Defendants, and Each)

79.     Plaintiffs repeat, reallege, and incorporate the allegations contained in the preceding and none of paragraphs of this Complaint as if fully set forth herein.

80.     ███ is the owner of the Subject Works and holds valid copyright registrations in accordance with the United State Copyright Act.

81.     The Subject Works are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

82.     Plaintiffs have complied in all respective with the provisions and requirements of the Copyright Act.

83.     The Copyrights in, and to, all of the Subject Works were registered with the United States Copyright Office prior to the acts complained of herein.

84.     Plaintiffs have the exclusive rights under 17 U.S.C. § 106 to reproduce prepare derivative works of, distribute copies of, and publicly display the Subject Designs.

85.     Without Plaintiffs' authorization, Defendants, and each of them, reproduced, distributed, displayed, and/or prepared derivative works of, one or more of the Subject Works.

86.     Without Plaintiffs' authorization, Defendants, and each of them, offered for sale and/or sold Infringing Products through their Online Storefronts.

87.     Defendants, and each of them, had actual or constructive knowledge of the infringement of Plaintiffs' copyrights.

88.     Defendants, and each of them, had access to the Subject Works, including, without limitation, through (a) accessing Plaintiffs' online design portfolio; (b) accessing products bearing

the Subject Works located on websites operated by Plaintiffs or through licensed third party websites; (c) access to illegally manufactured, imported and distributed copies of the Subject Works by third-party vendors, including without limitation international and/or overseas manufacturers and printing mills.

89.     Access is also established by the striking similarity between the Subject Works and the corresponding artwork on the Infringing Products as each Infringing Product bears either (a) an exact copy of a Subject Work, or (b) a virtually identical copy of a Subject Work, but for a trivial alteration.

90.     Defendants, and each of them, infringed Plaintiffs' copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Works and by producing, displaying, distributing and/or selling apparel, digital files, and/or other products which infringe the Subject Works.

91.     Due to Defendants' acts of infringement, Plaintiffs have suffered substantial damages to its business, including without limitation, lost profits and lost licensing revenue, in an amount to be established at trial.

92.     Due to Defendants' acts of infringement, Plaintiffs have suffered substantial damage to its copyrights in New York, namely the diminution, if not total destruction of Plaintiffs' copyrights.

93.     Due to Defendants' acts of infringement, Plaintiffs are presently experiencing a decreased desire and/or incentive to continue creating new works of art.

94.     Due to Defendants' acts of infringement, Plaintiffs have suffered general and special damages in an amount to be established at trial.

95.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Works as alleged herein. As such, Plaintiffs are entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Works in an amount to be established at trial.

96.     Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, malicious, and/or in reckless disregard of Plaintiffs' copyrights, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiffs will make its election between actual damages and statutory damages.

97.     Plaintiffs claim all damages and remedies available under 17 U.S.C. § 504.

### SECOND CLAIM FOR RELEIF
(Providing False Copyright Management Information/ Distributing Products with False Copyright Management Information – Against the CMI Defendants[1])

98.     Plaintiffs repeat, reallege, and incorporate the allegations contained in the preceding and none of paragraphs of this Complaint as if fully set forth herein.

99.     The CMI Defendants have distributed Infringing Products with false copyright management information ("CMI"), namely false information concerning authorship/ownership of one or more of the Subject Works, as well as the permissible usage rights of one or more of the Subject Works.

100.    The CMI Defendants offered for sale, sold, and distributed digital files of one or more of the Subject Works.

---

[1] Plaintiff shall specifically identify the CMI Defendants after the Temporary Seal of Schedule A is lifted.

101.    In offering for sale, selling, and distributing digital files of one or more of the Subject Works, the CMI Defendants affixed their own logos, names, watermarks, and other copyright management information onto, or in connection with the Infringing Product.

102.    The CMI Defendants' own logos, names, watermarks and other copyright management information was accessible in conjunction with and/or appeared with the work being accessed through the individual listings offering the digital file.

103.    The CMI Defendants' false CMI would appear on product images in an attempt to (a) prevent further infringement, forcing consumers to purchase their Infringing Product, (b) to facilitate and induce the sale of the Infringing Product by presenting themselves as the legitimate rights owners to the Subject Work(s), and/or (c) to conceal their own infringement and deceive the public into believing that their Infringing Product is copyrighted and owned by Defendants.

104.    The presence of copyright management information in connection with the Infringing Products functions to deceive consumers into believing that they are purchasing lawful rights to the Subject Works and/or that they are purchasing a legitimate copy of the Subject Work.

105.    The CMI Defendants also ascribed their own terms and conditions for the use of the Subject Work within, in conjunction to, or as part of the product "description." These terms and conditions include, but are not limited to, restrictions on commercial usage, prohibitions on claiming ownership over the design, and/or prohibition on uploading to "print-on-demand" websites.

106.    As described above, CMI Defendants have added copyright information that falsely presents the copyright under section 1202(a).

107.    Upon information and belief, CMI Defendants sold digital files containing the Subject Works, thereby constituting "distribution" under the Copyright Act.

108.     Upon information and belief, one or more of the CMI Defendants were previously notified of Plaintiffs' copyrights, to cease-and-desist in the infringing activities, and to cease-and-desist in providing false CMI.

109.     Upon information and belief, despite unequivocal notice of Plaintiffs' copyrights and a demand to cease-and-desist,  one or more of the CMI Defendants continue to offer for sale digital files with false CMI.

110.     The CMI Defendants have knowingly, and with the intent to induce, enable, facilitate, or conceal infringement, provided copyright management information that is false, and/or distributed copyright management information that is false.

111.     The CMI Defendants were at all times aware that they were not the authors or copyright owners of the relevant Subject Work(s), but nonetheless represented to consumers that they were the authors or copyright owners of the Subject Work.

112.     Due to the intentional acts of the CMI Defendants, as alleged herein, the CMI Defendants, and each of them, are liable for reasonable attorneys' fees and costs, as well as actual damages or statutory damages for each of the aforementioned violations, and any others not presently known to Plaintiffs, under 17 U.S.C. §1203.

113.     Upon information and belief, certain CMI Defendants also removed Plaintiffs' CMI from one or more of the Subject Works, with out Plaintiffs' authorization, and that the same was done intentionally and knowingly to conceal CMI Defendants acts of infringement and to facilitate the sale of Infringing Products.

114.     Plaintiffs claim all damages and remedies available under 17 U.S.C. §1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, and each of them, as follows:

A.  Entry of temporary, preliminary, and permanent injunctions pursuant to 17 USC §502, *et seq.* and Federal Rule of Civil Procedure 65 from copying, displaying, distributing, or creating derivative works of the Subject Works.

B.  Entry of a Temporary Restraining Order, as well as preliminary and permanent injunctions, pursuant to the Court's inherent authority, enjoining Defendants and all third parties with actual notice of the injunction issued by this Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of the Infringing Products.

C.  that the Court enter judgment against Defendants, and each of them, setting forth that Defendants have individually, jointly, or otherwise, infringed Plaintiffs' federally registered copyrights to the Work as contemplated by 17 U.S.C. §504(c)(2);

D.  alternatively, that the Court enter judgment against Defendants, and each of them, setting forth that Defendants have individually, jointly, or otherwise, infringed Plaintiffs' federally registered copyright to the Works, pursuant to 17 U.S.C. § 501;

E.  that Defendants and its respective agents, officers and servants be enjoined from importing, manufacturing, distributing, displaying, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiffs' copyrights in and to the Subject Works;

F.  impounding all unauthorized material that bears infringing copies of Plaintiffs' copyrighted artwork in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Works, pursuant to 17 U.S.C. §503(b);

G.  that Plaintiffs be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages for willful infringement as available under 17 U.S.C. § 504(c);

H.  the Plaintiffs be awarded its attorneys' fees as available under 17 U.S.C. §504(c) or other applicable statute;

I.  that the Court enter judgement against the CMI Defendants, and each of them, for their unlawful and knowing violations under 17 U.S.C. § 1203;

J.  Entry of an Order that Defendants, and any financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms, and their related companies, affiliates, identify and restrain all funds, up to and including the total amount of judgement in all financial accounts or sub-accounts used in connection with the Defendants' Online Storefronts, currently in use by Defendants or in the future, as well as any other related accounts of the same Defendants, any other accounts which transfer funds into the same financial institution accounts and remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgement entered herein.

K.  that Plaintiff be awarded pre- and post-judgment interest as allowed by law;

L.  that Plaintiff be awarded the costs of this action; and

M.  that Plaintiff be awarded such further legal and equitable relief as the Court deems

proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted,

Date:  June 3, 2024

By:     */s/ Dmitry Lapin*
Dmitry Lapin, Esq.
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
dmitry@axenfeldlaw.com
917-979-4570

*Attorney for Plaintiffs*