UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

XYZ Corp.

                Plaintiff

     v.                                                                     24-cv-4428-LLS

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                Defendants.

-----------------------------------------------------------x

### [Proposed] ORDER GRANTING ALTERNATIVE SERVICE

WHEREAS, on June 21, 2024, Plaintiff filed a motion for alternative service under Federal Rules of Civil Procedure 4(e) and 4(f)(3).

WHEREAS, Federal Rule of Civil Procedure 4(e) provides for service of process on an individual in the United States in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). New York Civil Practice Law and Rules allows personal service "in such manner as the court, upon motion without notice, directs, if service is impracticable under" traditional methods of service. CPLR § 308(5).

WHEREAS, Plaintiffs argue that traditional methods of service are impracticable here due to Defendants' having multiple addresses in various states, the large number of Defendants, Defendants' interconnected nature and the unreliability of Defendants' given physical addresses due to the nature of their online businesses. Plaintiffs move for service by registered email upon

these Defendants. Courts have held that service via email in such circumstances is permissible. See, e.g., *Fox Shiver LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships., & Unincorporated Ass'ns. Identified on Schedule A to Complaint*, No. 23 Civ. 1898, 2023 WL 4373308, at *2 (S.D.N.Y. Apr. 25, 2023); *Kaws Inc. v. Individuals, Corps., Ltd. Liab. Cos., P'ships., & Unincorporated Ass'ns. Identified on Schedule A to Complaint*, No. 22 Civ. 9073, 2022 WL 17404520, at *1 (S.D.N.Y. Dec. 2, 2022).

WHEREAS, Federal Rule of Civil Procedure 4(f) provides three methods of service on an individual in a foreign country: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . or (3) by other means not prohibited by international agreement, as the court orders." "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 64 (S.D.N.Y. 2022).

WHEREAS, for Plaintiffs' request to serve by registered email to be permissible, service via email must not be "prohibited by international agreement." Fed. R. Civ. P. 4(f)(3); *see Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1395 (S.D.N.Y. 2022). When a request is made to serve via email, courts also look to whether international agreement prohibits postal service, as an analogue to email service. *See Uipath, Inc. v. Shanghai Yunkuo Info. Tech. Co.*, No. 23 Civ. 7835, 2023 WL 8600547, at *2 (S.D.N.Y. Dec. 12, 2023) (noting that courts have held a country's "objection to postal service also encompasses an objection to service via email"). Plaintiffs have filed a schedule listing each Defendant's country, whether that country has signed the Hague

Convention and whether that country has objected to postal service. Plaintiffs have specifically identified the Defendants that they seek to serve via registered e-mail.

WHEREAS, all but one of the countries in which Plaintiffs seek to serve international Defendants are signatories to the Hague Convention, and none of these countries have objected to service by postal channels. Certain countries listed, such as Vietnam and Australia, allow postal service subject to certain conditions, including that service be effected by registered mail. Plaintiffs also seek to serve a Defendant located in Thailand, which is not a signatory to the Hague Convention. Courts have allowed email service upon individuals in non-signatory countries. *Kyjen Co., LLC v. Individuals. Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Ass'ns Identified on Schedule A,* No. 23 Civ. 612 (JHR), 2023 U.S. Dist. LEXIS 35327, 2023 WL 2330429, at *2 (S.D.N.Y. Mar. 2, 2023) (permitting service by electronic means for a defendant located in Thailand because Thailand is not a signatory to the Hague Convention and there is no international agreement prohibiting service by e-mail).

WHEREAS, email service also "meet[s] the strictures of the Due Process Clause" in this case, which "requires only that the alternative means of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mattel, Inc. v. Animefun Store*, No. 18 Civ. 8824, 2020 WL 2097624, at *5 (S.D.N.Y. May 1, 2020). Plaintiff has demonstrated that the email addresses of Defendants are necessary for Defendants to conduct their online business and thus it is reasonably likely that registered email to those addresses will reach Defendants.

Therefore, it is hereby **ORDERED** that Plaintiffs' request for alternative service to those Defendants itemized in Exhibit A to Plaintiffs' motion, is **GRANTED**.

SO ORDERED

Signed this ___ day of ____ 2024            _____

                                                                                  Hon. Louis L. Stanton, U.S.D.J