ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

XYZ Corp.

                Plaintiff

v.                                          24-cv-4428-LLS

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                Defendants.

------------------------------------------------------------x

**ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND ORDER RESTRAINING TRANSFER OF ASSETS**

The Court having considered Plaintiffs' *ex parte* (without notice to the Defendants) application (the "Application"), including the Declarations of Jon Wright and Dmitry Lapin, as well as all other papers filed in support of the Application, for the following relief:

(1) a temporary restraining order against defendants, listed in **Schedule A** attached to this Order ("Defendants"), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") bearing, using, or infringing upon Plaintiffs' copyright to Plaintiffs' works of art, listed in **Schedule B** attached to this Order (the "Subject Works").

(2) a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiffs' right to an equitable accounting;

(3) authorization for Plaintiffs to serve the Court's Order upon Etsy and the Financial Institutions (defined below), before Plaintiffs attempt to serve Defendants with the Court's Order or the Complaint;

1

(4) expedited discovery allowing Plaintiffs to inspect and copy Defendants' records relating to the manufacture, distribution, offering for sale, and sale of Infringing Products, as well as of Defendants' financial accounts; and

(5) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application; and

(6) ordering an extension of the Sealing Order (defined below) granted by Hon. Torres, wherein Plaintiffs was permitted to proceed under pseudonym and file the Application under temporary seal; and

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

1. The Court has personal jurisdiction over the Defendants.

2. Plaintiffs are likely to prevail on its copyright infringement claims at trial.

3. As a result of Defendants' misconduct, Plaintiffs are likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiffs' application for *ex parte* relief is granted. For example:

   a. Defendants, without authorization of Plaintiffs, have offered for sale Infringing Products that bears, uses, or otherwise infringes upon Plaintiffs' rights to the Subject Works through Defendants' e-commerce storefronts on Etsy.com ("Etsy"), held by Defendants (the "Online Storefronts").

   b. Plaintiffs have well-founded fears that more Infringing Products will appear in the marketplace using the same Online Storefronts, or new and different Online Storefronts held by Defendants; that consumers may be misled, confused and disappointed by the quality of the Infringing Products, resulting in injury to Plaintiffs' reputation and goodwill and, in particular, the reputation and good will related to products properly bearing, using, and sold utilizing Plaintiffs' Copyrights (the "Plaintiffs' Products").

2

    c. Plaintiffs have well-founded fears that if they proceed on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing Online Storefronts, transfer Online Storefront information, and/or open a new Online Storefronts through which Defendants can unlawfully continue to advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

4. The potential harm to Defendants of being prevented from continuing to profit from their activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, its business, and the goodwill and reputation built up in and associated with Plaintiffs' copyrights to the Subject Works and the Plaintiffs' Products, if a temporary restraining order is not issued.

5. The public interest favors issuance of the temporary restraining order to protect Plaintiffs' interests in and to the Plaintiffs' copyrights, and to protect the public from being deceived and defrauded by Defendants' passing off their Infringing Products as Plaintiffs'.

6. If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiffs' request to proceed *ex parte* and for

an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the Online Storefronts, and service on Defendants need not take place until such actions are completed.

7. Similarly, if Defendants are given notice of the Application, they may retain the ability to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** and it is **ORDERED** as follows:

### Temporary Restraints

1. As sufficient cause has been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

    a. Distributing, marketing, advertising, offering for sale, or sale of any products, including the Infringing Products, that use the Plaintiffs' copyright to Plaintiffs' works of art listed in **Schedule B** to this Order (the "Subject Works"), or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in.

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Doe Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiffs for sale pursuant to Plaintiffs' copyrights to the Subject Works;

c. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d. Further infringing Plaintiffs' copyrights to the Subject Works and damaging Plaintiffs' goodwill;

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear the Subject Works, any reproductions, counterfeit copies, or colorable imitations thereof;

f. Using, linking to, transferring, selling, exercising control over, or otherwise owning an Online Storefront or other online market place account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products or other products bearing the Subject Works; and

g. Operating any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the Subject Works.

### Disabling of Defendants' Online Storefronts

2.  Within five (5) days of receipt of this Order, Etsy, Inc., any domain name registry providing service to the Defendants and their Online Storefronts, and any other online service provider hosting or servicing a Defendants' Online Storefronts are directed to:

    a. disable and cease providing services for any Online Storefront through which Defendants engage in the sale of Infringing Products, including any Online Storefronts associated with the Defendants listed on **Schedule A** to this Order;

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

    c. take all steps necessary to prevent links to the Defendants' Online Storefronts identified on **Schedule A** from displaying in search results, including, but not limited to, removing links to the Defendants' Online Storefronts from any search index.

### Temporary Asset Restraint

3.  Pursuant to Fed. R. Civ. P. 64 and 65, as well as N.Y. C.P.L.R. § 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, Defendants and any persons in active concert or participation with them who have actual notice of this Order are temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

4.  Within five (5) days of receipt of service of this Order, that Etsy, Inc., shall locate all accounts and Online Storefronts associated with Defendants ("Defendants' Accounts") and

6

other assets belonging to Defendants (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further order of this Court.

5. Within five (5) days of receipt of service of this Order, that (i) PayPal, Inc, (ii) Payoneer Inc., (iii) WorldPay, Inc., and (iv) any other banks, payment processors, and money transmitters (collectively referred to as the "Financial Institutions") shall locate attach, and restrain the transfer or disposing of monies or funds from all financial accounts associated with Defendants ("Defendants' Financial Accounts") and other Defendants' Assets, until further ordered by this Court.

6. Upon compliance with the foregoing, Etsy, Inc., and the Financial Institutions shall provide written confirmation of their compliance to Plaintiffs' counsel.

## **Expedited Discovery**

7. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, Etsy, Inc., in its capacity as an online marketplace platform, any domain name registry providing service to any Defendant, any other online service provider hosting or servicing an Online Storefront, and any Financial Institution shall provide the following information to Plaintiffs' counsel (to the extent such information is within the aforementioned entities' possession, custody, or control):

   a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known email addresses and mailing addresses), as well as account numbers and account balances;

7

    b. Any Online Storefronts, Defendant Accounts, and/or online marketplace websites affiliated with Defendants that are not listed on **Schedule A** of this Order;

    c. Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Wish, PayPal, eBay, Payoneer, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

### Service

8. Pursuant to Federal Rule of Civil Procedure 4(f)(3), service of this Order upon Etsy, Inc. and the Financial Institutions may be effectuated by registered e-mail as these entities are non-parties, and electronic service by registered e-mail is reasonably designed and calculated to advise them of their responsibilities under this Order, particularly given the sophistication of the entities.

9. Service of this Order and the Summons and Complaint upon the Defendants may be by any method of service expressly permitted under the Hague Convention, including service via the receiving country's central authority.

10. Service, as set forth above, shall be made within five (5) days of Etsy Inc.'s and the Financial Institutions compliance with Paragraphs 2 through 7 of this Order. Plaintiffs shall file proof of such service on the case docket within two (2) day of making such service.

11. The Clerk of Court is directed to issue a single original summons in the name of "THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES,

PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A TO THE COMPLAINT" that shall apply to all Defendants.

### Security Bond

12. Plaintiff shall deposit with the Court Twenty–five Thousand Dollars ($25,000.00), either by cash or law firm check, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

### Sealing Order

13. Schedule A to the Complaint, Plaintiffs' *ex parte* Applications for entry of a Temporary Restraining Order, Preliminary Injunction, a Restraint on the Transfer of Assets, Expedited Discovery, and all associated documents annexed thereto, including Exhibits, Declarations, and Proposed Orders shall be sealed and remain sealed until Defendants' Accounts, Defendants' Financial Accounts, and Defendants' Assets are restrained.

14. Plaintiffs shall file unsealed versions of all of the above using the CM/ECF system prior to the expiration of this Order.

15. Plaintiffs may continue to proceed under a pseudonym until Defendants' Accounts, Defendants' Financial Accounts, and Defendants' Assets are restrained.

### Application to Vacate or Dissolve

16. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on five (5) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on June 25, 2024 at 3:00 PM at 500 Pearl Street New York, NY 10007-1312 in Courtroom 21 C, in which Plaintiffs may present its arguments in support of its request for issuance of a preliminary injunction. At such time, Defendants may also be heard as to opposition to Plaintiffs' Application.

9

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before June 21, 2024. Any reply papers shall be filed and served on or before June 24, 2024.

The Temporary Restraining Order without notice is entered at 12:54 PM on June 12, 2024 and shall remain in effect for fourteen (14) days.

**IT IS FURTHER ORDERED** that Defendants are hereby given notice that failure to appear the show cause hearing scheduled above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

SO ORDERED.

Signed this 12 day of June 2024

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

## Schedule A

1. 3dmodelsByVadim
2. 3Dwoodworker
3. 4everlight
4. AllPrintedThings
5. anamcarawoodworks
6. BackwoodsLaser
7. BeachCrafts247
8. BigKongCaps
9. Canacadiana
10. CandGDesignCreations
11. CattleandKidsFiles
12. CreationsByKey12
13. CuddlesinACup
14. DakotaCuttingEdge
15. DEEARMAATWALL
16. Deedeezthisandthat
17. DesertClover
18. DoolittleEngraving
19. DreamBigTshirtShoppe
20. ElegantWebBoutique
21. ElizaJanesCreations
22. FlamingoCloud
23. GearwagMetalArt
24. godsandghostsgallery
25. LakelandsTradeCo
26. LCCountryDesigns1
27. LeenCreatives

28. LittleFoxDesignsPNW
29. MetalConnoisseur
30. MugDesignsFiles
31. OffTheHookJeweler
32. OzarksCreation
33. QCDesignStore
34. ReelMonsterFishing
35. reeneesart
36. RetroVintageSigns
37. RHOura
38. RusticMetalz
39. RusticPixelArtworks
40. RustywoodCreations
41. SegmentedStudio
42. SewLoveItLLC
43. ShelbyMakesStickers
44. SimpleDaysontheLake
45. Subwrapz
46. TBUDesignsOnline
47. Teesperation
48. Testteezz
49. TheCraftyLittleBB
50. TheHowdyBoho
51. TheInkredibleImage
52. TilingAwayTheHoursUS
53. Timbunner
54. TinnerInk18
55. TripsJungle

56. TumblerArtAU

57. TumblerWrapWorld

58. VDecorVietnam

59. WarmGesturesCards

60. WhiskieButterfly

61. woodupnorth

## Schedule B

|    | Title | Registration # | Registration Date |
|----|-------|----------------|-------------------|
| 1  | JQ Fish Art: Walleye Green Lure | Vau 1-021-822 | 7/10/2009 |
| 2  | JQ Fish Art: Side ID Northern Pike | Vau 1-021-822 | 7/10/2009 |
| 3  | Legends Series Artwork: Bass | VA-1-153-915 | 6/1/2001 |
| 4  | Legends Series Artwork: Walleye | VA-1-153-915 | 6/1/2001 |
| 5  | Legends Series Artwork: Crappie | VA-1-153-915 | 6/1/2001 |
| 6  | Smallmouth Bass and Topwater Bait | VA 2-084-056 | 12/5/2017 |
| 7  | Airborne Bass | VA 2-315-052 | 7/28/2022 |
| 8  | Deep Troll Musky | VA-517-695 | 7/17/1992 |
| 9  | 2000 Published Apparel Series: Lures | VA 1-032-512 | 2/3/2000 |
| 10 | Action Series: Pike | VAu-348-036 | 10/27/1995 |
| 11 | Action Series: Brown Trout | VAu-348-036 | 10/27/1995 |
| 12 | Action Series: Musky | VAu-348-036 | 10/27/1995 |
| 13 | Action Series: Rainbow Trout | VAu-348-036 | 10/27/1995 |
| 14 | Action Series: Stripped Bass | VAu-348-036 | 10/27/1995 |
| 15 | Breakline Hunter Musky | VA-2-083-993 | 12/15/2017 |
| 16 | Sunbay Bluegill | Va 2-087-516 | 11/8/2017 |
| 17 | Lures of the Past | VA-2-083-990 | 12/15/2017 |
| 18 | 1999 Apparel Series | VA-1-032-514 | 2/3/2000 |
| 19 | Fooled Again Bass | VA 519-738 | 10/8/1991 |
| 20 | Tangled Cover Crappie | VA-500-654 | 10/8/1991 |
| 21 | Harvest Moon Walleye | VA-1-957-011 | 4/7/2015 |
| 22 | Breezy Point Walleye | Vau-1-355-915 | 12/3/2018 |