ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/13/25

-----------------------------------------------------------x

Jon Q. Wright & JQ Licensing LLC

                Plaintiff

                Case No: 24-cv-4428-LLS

v.

Individuals, Corporations, Limited
Liability Companies, Partnerships,
and Unincorporated Associations Identified
on Schedule A to the Complaint,

                Defendants.

-----------------------------------------------------------x

## ~~PROPOSED~~ DEFAULT JUDGMENT

LLS

THIS ACTION, having been commenced by Jon Q. Wright & JQ Licensing LLC ("Plaintiffs") against the Defendants identified on Schedule A, and that certain Defendants identified in **Appendix A** to this Order have defaulted (collectively, the "Subject Defendants"), who operated marketplace accounts through Etsy, Inc's ("Etsy") marketplace platform Etsy.com (the "Online Storefronts") through which the Subject Defendants commercially exploited one or more works of art, to which Plaintiffs own the copyrights in connection with physical products or digital files bearing/containing one or more Subject Works (the "Infringing Products"); and Plaintiffs having moved for entry of Default Judgment against the Subject Defendants;

This Court having entered, upon a showing by Plaintiffs, a temporary restraining order and preliminary injunction against the Subject Defendants that included an asset restraining order, for their offering for sale of the Infringing Products exploiting one or more of the following works of art owned by Plaintiff Jon Q. Wright: 1) JQ Fish Art: Walleye Green Lure; 2)

1

JQ Fish Art: Side ID Northern Pike; 3) Legends Series Artwork: Bass; 4) Legends Series Artwork: Walleye; 5) Legends Series Artwork: Crappie; 6) Smallmouth Bass and Topwater Bait; 7) Airborne Bass; 8) Jon Q. Wright Paramount Apparel Series; 9) Deep Troll Musky; and 10) 1999 Apparel Series (the "Subject Works") and that certain Subject Defendants provided false copyright management information ("CMI") in connection with online listings for physical products bearing one or more of the Subject Works (collectively, "Group-A Subject CMI Defendants"), or in connection with online listings for digital files containing one or more of the Subject Works (collectively, the "Group-B Subject CMI Defendants");

Plaintiffs, having properly completed service of process on the Subject Defendants via alternative service as previously permitted by the Court, along with notice to the Subject Defendants from Etsy, being reasonably calculated under all the circumstances to apprise the Subject Defendants of the pendency of the action and affording them the opportunity to answer and present their objections;

None of the Subject Defendants having answered the Complaint or appeared in any way, and the time for answering the Complaint having expired;

THIS COURT FINDS that because the Subject Defendants failed to appear or respond to the Complaint, all well-pleaded factual allegations in the Complaint are deemed admitted for purposes of this motion;

THIS COURT FURTHER FINDS that it has personal jurisdiction over the Subject Defendants because the Subject Defendants transacted business within New York relating to by (a) contracting with New York based Etsy in relation to the operation of the Subject Defendants' Online Storefronts, (b) the payment of fees to setup their Online Storefronts with Etsy, (c) the payment of fees to list the Infringing Products.

THIS COURT FURTHER FINDS that it also has personal jurisdiction over the Subject Defendants because the Subject Defendants directly target their business activities toward consumers in the United States, including New York, offering to sell and ship products into this Judicial District. Specifically, the Subject Defendants are reaching out to do business with New York residents by operating one or more commercial, interactive Online Storefronts through which New York residents can purchase products bearing counterfeit versions of products utilizing one or more of the Subject Works;

THIS COURT FURTHER FINDS that Plaintiff Jon Q. Wright is the sole author and owner of the copyrights in and to the Subject Works, and that the copyrights for each of the Subject Works are duly registered with the United States Copyright Office. The copyright registrations for eight of the Subject Works were obtained within five (5) years of their first publication and thus constitute *prima facie* evidence of the validity of the copyrights and the facts stated in the certificates pursuant to 17 U.S.C. § 410(c). For the remaining two, Subject Works, although registered outside the five-year window, the registrations remain valid, subsisting, and in full force and effect, and serve as conclusive evidence of Plaintiffs' ownership and rights in the Subject Works.

THIS COURT FURTHER FINDS that upon reviewing the Subject Works and the corresponding Infringing Products, each Infringing Product is either an identical copy of a Subject Work, is virtually identical, or is otherwise substantially similar to the Subject Work it copies.

THIS COURT FURTHER FINDS that the Subject Defendants had access to the Subject Works, as evidenced by their commercial exploitation of identical or nearly identical reproductions of the Subject Works. The striking similarity between the Subject Works and the

3

respective Infringing Products establishes that copying necessarily occurred. The degree of similarity between the Subject Works and the respective Infringing Products is so overwhelming that it compels the conclusion that the Subject Defendants directly copied the Subject Works, thereby satisfying the striking similarity standard.

THIS COURT FURTHER FINDS that the Subject Defendants intentionally exploited exact or nearly exact copies of the Subject Works without authorization. Each Infringing Product incorporated a full reproduction or a dominant, protectable element of the Subject Work it exploited (Declaration of Jon Q. Wright in Support of Motion for Default Judgment ("Wright Decl."). ¶¶ 32–37; Ex. C; Complaint ¶¶ 45, 56–59). The Wright Decl. includes detailed, side-by-side comparisons demonstrating that many Infringing Products were indistinguishable from the original artwork, and that others employed only minor, superficial alterations that do not negate substantial similarity (Wright Decl. ¶¶ 34–36; Ex. C). These copies are so "strikingly similar" to the originals that access and copying must be inferred as a matter of law.

THIS COURT FURTHER FINDS that the Subject Defendants operated commercial storefronts on Etsy, paid Etsy fees to list and promote Infringing Products, and completed sales in U.S. Dollars to U.S. and New York consumers (Complaint ¶¶ 10–17, 45–48). This conduct reflects deliberate, commercial exploitation—not innocent or inadvertent use. Moreover, certain Defendants made minimal alterations while retaining the original artworks' distinctive elements—an additional indication of willful copying (Wright Decl. ¶¶ 34–37). These deliberate modifications reasonably suggest an intent to avoid detection or claim ownership while still benefiting from Wright's creative labor.

THIS COURT FURTHER FINDS that Wright presented unrebutted testimony that his works are the product of a painstaking, highly individualized artistic process involving the

4

capture, staging, and rendering of live fish specimens, resulting in detailed, stylized depictions that are unmistakably his own (Wright Decl. ¶¶ 10–16; Complaint ¶¶ 28–38). The originality and complexity of the Subject Works make accidental or coincidental copying implausible, and instead compel the conclusion that Defendants intentionally appropriated Wright's protected expression with full knowledge that it was not their own—conduct that is both willful and malicious;THIS COURT FURTHER FINDS that the Subject Defendants, despite having been served with process and receiving notice of this action—including the Court's Temporary Restraining Order and Preliminary Injunction (ECF Nos. 22, 46)—failed to appear, answer, or otherwise respond. This refusal to engage with the judicial process, even when faced with detailed allegations of copyright infringement and court-ordered restraints, demonstrates a deliberate and strategic choice to ignore both the rule of law and the rights of Plaintiffs. Such conduct goes beyond mere willful infringement and supports a finding of maliciousness under 17 U.S.C. § 504(c)(2), as it reflects a calculated indifference to the legal consequences of their actions. By declining to offer any defense, explanation, or assurance of cessation, Defendants effectively signaled that they viewed the enforcement of Plaintiffs' rights and this Court's authority as inconsequential. This defiant posture, coupled with the commercial nature of the infringement, confirms that Defendants acted not only with knowledge of wrongdoing but with intent to exploit Plaintiffs' work while avoiding accountability—conduct that is both injurious and malicious in character.

THIS COURT FURTHER FINDS, in light of the above, and given the commercial nature, deceptive modifications, refusal to respond to this litigation, and demonstrated harm to Plaintiffs' market position and exclusivity (Wright Decl. ¶¶ 25–50), the Court finds that the

infringement by the Subject Defendants was willful and malicious within the meaning of § 504(c)(2).

THIS COURT FURTHER FINDS, that the Group-A Subject CMI Defendants and Group-B Subject CMI Defendants conduct is particularly egregious and malicious, insofar as they took affirmative steps to falsely present the copied works as their own, including by applying personal watermarks or copyright notices, or by appending "terms and conditions" purporting to govern use of the stolen artwork (Wright Decl. ¶¶ 38–41; Exs. D–E). These acts constitute purposeful misrepresentations intended to mislead consumers and strip Plaintiffs of attribution, control, and revenue—demonstrating bad faith and a clear intent to harm Plaintiffs' copyrights.

THIS COURT FURTHER FINDS that the Subject Defendants are liable for copyright infringement under 17 U.S.C. § 101 *et seq.*, and that such conduct was willful and malicious;

THIS COURT FURTHER FINDS that the Group-A Subject CMI Defendants are liable for violations under 17 U.S.C. § 1202(a) *et seq.*, and that such conduct was willful and malicious;

THIS COURT FURTHER FINDS that the Group-B Subject CMI Defendants are liable for willful violations under 17 U.S.C. § 1202(a) *et seq.*, and that such conduct was willful and malicious;

THIS COURT FURTHER FINDS that third-party service providers, including but not limited to Etsy, Inc. ("Etsy"), online marketplace platforms, payment processors, financial institutions, domain registrars, and internet service providers (collectively, "Third-Party Providers"), are in active concert or participation with the Subject Defendants pursuant to Federal Rule of Civil Procedure 65(d)(2). These Third-Party Providers have facilitated and materially contributed to the Subject Defendants' infringing conduct by providing services that

enabled the sale, promotion, distribution, and monetization of the Infringing Products, including: (a) providing marketplace accounts and platforms for the Subject Defendants to advertise, offer for sale, and sell products bearing the Subject Works; (b) processing payments, transmitting funds, and providing financial services that allowed the Subject Defendants to receive proceeds from the sale of the Infringing Products; (c) hosting and displaying the Subject Defendants' infringing listings, thereby facilitating consumer access to the unauthorized works; and/or (d) providing customer support, order fulfillment, and logistical services that further enabled the commercial exploitation of the Subject Works. Accordingly, Etsy and other Third-Party Providers, having actively participated in and facilitated the unlawful conduct of the Subject Defendants, are properly bound by this Order and directed to take all necessary steps to disable, restrict, and prevent further use of their platforms and services in connection with the infringement of the Subject Works.

IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is GRANTED in its entirety, that Default Judgment is entered against the Subject Defendants, as specified herein.

Accordingly, this Court ORDERS that:

1. The Subject Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a. Using the Subject Works, or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any products, including the Infringing Products;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine product of Plaintiffs' and/or not produced under the authorization, control, or supervision of Plaintiffs and approved by Plaintiffs for sale pursuant to Plaintiffs' copyrights to the Subject Works;

c. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are sold under the authorization, control, or supervision of Plaintiffs, or are sponsored by, approved by, or otherwise connected with Plaintiffs;

d. Further infringing Plaintiffs' copyrights to the Subject Works and damaging Plaintiffs' goodwill;

e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiffs, nor authorized by Plaintiffs to be sold or offered for sale, and which bear the Subject Works, any reproductions, counterfeit copies, or colorable imitations thereof;

f. Using, linking to, transferring, selling, exercising control over, or otherwise owning an Online Storefront or other online market place account that is being used to sell or is the means by which the Subject Defendants could continue to sell Infringing Products or other products bearing the Subject Works; and

g. Operating any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the Subject Works.

2. Within five (5) days of receipt of this Order, Etsy, any domain name registry providing service to the Subject Defendants and their Online Storefronts, and any other Third-Party Providers are directed to:

    a. disable and cease providing services for any Online Storefront through which the Subject Defendants engage in the sale of Infringing Products, including any Online Storefronts associated, connected to, or otherwise affiliated with the Subject Defendants;

    b. disable and cease displaying any advertisements used by or associated the Subject Defendants in connection with the sale of Infringing Products; and

    c. take all steps necessary to prevent links to the Subject Defendants Online Storefronts, and the listings containing the Infringing Products, from displaying in search results, including, but not limited to, removing links to the Subject Defendants' Online Storefronts from any search index.

3. Those in privity with the Subject Defendants, and with actual notice of this Order, including Third-Party Providers, such as Etsy, Amazon, eBay, PayPal, Wish, Payoneer, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which the Subject Defendants engage in the sale of counterfeit and infringing goods using the Subject Works;

    b. disable and cease displaying any advertisements used by or associated with the Subject Defendants in connection with the sale of counterfeit and infringing goods using the Subject Works; and

9

    c. take all steps necessary to prevent links to the Subject Defendants Online Storefronts from displaying in search results, including, but not limited to, removing links to the Subject Defendants Online Storefronts from any search index.

4. Etsy, and its related companies and affiliates, as well as any other Third-Party Provider, within five (5) business days of receipt of this Order, shall use all available data within their respective possession, custody, or control to identify any additional accounts owned, operated, or controlled by the Subject Defendants ("Connected Accounts"). This search shall include, but is not limited to, reviewing the following:

    a. Account registration details (name, email addresses, phone numbers);

    b. Payment information and financial accounts used for transactions (such as PayPal, Payoneer, or linked bank accounts);

    c. IP addresses, device identifiers, and login history;

    d. Order fulfillment and shipping addresses; and

    e. Any other unique identifiers created for the Subject Defendants.

5. Etsy, and its related companies and affiliates, as well as any other Third-Party Provider provided with actual notice of this Order, within five (5) business days of receipt of this Order, shall permanently restrain and enjoin the use of Subject Defendants' Online Storefronts and any Connected Accounts, including preventing any transfer or disposition of any money or other assets belong to the Subject Defendants.

6. Etsy, and its related companies and affiliaties, as well as any other Third-Party Provider with actual notice of this Order, within ten (10) business days of receipt of this Order, shall provide Plaintiffs with a written report detailing:

    a. The results of its search for Connected Accounts, including the specific criteria used to identify them;

    b. A list of any Connected Accounts identified and actions taken against them; and

    c. If Etsy or any Third-Party Provider contends that it cannot reasonably locate Connected Accounts, a sworn declaration explaining the search methods employed and the reasons for its claimed inability to identify additional accounts.

7. All banks, savings institutions, payment processors, money transmitters, and other financial institutions (collectively, the "Financial Institutions"), such as PayPal, Inc., Payoneer, Inc., Wise/Transfer Wise, Ping Pong Global Solutions, Inc., AllPay Limited, etc., shall, within three (3) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to the Subject Defendants or the Subject Defendants' Online Storefronts from transferring or disposing of any money or other of the Subject Defendants' assets.

8. Pursuant to 17 U.S.C. §504(c)(2), Plaintiffs are awarded statutory damages in the amount of thirty thousand dollars ($30,000.00) per work infringed by each individual Subject Defendant.

9. In addition to the statutory damages awarded in paragraph 8, herein, and pursuant to 17 U.S.C. §1203(c), Plaintiffs are awarded statutory damages from each of the Group-A Subject CMI Defendants, in the amount of ten thousand dollars ($10,000.00) per violation as documented in the Wright Declaration in Support of the Motion for Default Judgment (Wright Decl. ¶¶ 38–41), and as further demonstrated in Exhibit D (categorizing the CMI violations) and Exhibit E (providing screenshots of the false copyright management information, with red-boxed or annotated markings). The Court finds these violations to be willful, as each involved the deliberate application of false CMI—such as unauthorized logos, watermarks, or copyright

notices—intended to mislead consumers, falsely assert ownership, and frustrate enforcement of Plaintiffs' rights. As such, damages under 17 U.S.C. §1203(c) are awarded as follows:

    a. Defendant Keyonna Morgan d/b/a CreationsByKey12 - $10,000 for providing false CMI, by applying its own logo/watermark in connection with their Infringing Product;

    b. Defendant Danielle Tucker d/b/a WhiskieButterfly - $10,000 for providing false CMI, by (1) applying its own logo/watermark in connection with their Infringing Product;

10. In addition to the statutory damages awarded in paragraph 8, herein, and pursuant to 17 U.S.C. §1203(c), Plaintiffs are awarded statutory damages from each of the Group-B Subject CMI Defendants, in the amount of seventeen thousand five hundred dollars ($17,500.00) per violation, as specified below. The elevated award is warranted due to the particularly harmful nature of Group-B Defendants' conduct, which involved the unauthorized sale of digital files containing full-resolution copies of the Subject Works, combined with the application of false copyright management information—such as fabricated copyright notices and license terms purporting to govern use. As detailed in the Wright Declaration (¶¶ 38–44; Exs. D–E), these Defendants falsely asserted ownership over Plaintiffs' works and, by distributing unrestricted digital files, effectively enabled unlimited downstream infringement with no practical ability to recall or control further dissemination. The resulting harm is not only broader in scope but more difficult to remedy, justifying a higher statutory damages award for each willful violation:

    a. Defendant Vadim Burucenco d/b/a 3dmodelsByVadim - $17,500 for providing false CMI, by ascribing their own terms and conditions on the use of the Subject

Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

b. Defendant Christopher Michael Boyce d/b/a CandGDesignCreations- $17,500 for providing false CMI, by applying its own logo/watermark in connection with its unauthorized commercial exploitation of digital files containing a Subject Work

c. Defendant Sandy Murrah d/b/a Deedeezthisandthat- $17,500 for providing false CMI, by ascribing their own terms and conditions on the use of the Subject Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

d. Defendant Erin Jackson d/b/a LittleFoxDesignsPNW - $17,500 for providing false CMI, by ascribing their own terms and conditions on the use of the Subject Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

e. Defendant Barbara Szabo d/b/a MugDesignsFiles- $17,500 for providing false CMI, by ascribing their own terms and conditions on the use of the Subject Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

f. Defendant Ourajim Rachid d/b/a RHOura - $17,500 for providing false CMI, by ascribing their own terms and conditions on the use of the Subject Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

g. Defendant Maneenat Roemwanit d/b/a RusticPixelArtworks - $35,000 for providing false CMI, by 1) providing a false copyright notice wherein they

claimed to be the owner/author of the Subject Work; and 2) ascribing their own terms and conditions on the use of the Subject Work, in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

    h. Defendant Russell Beard d/b/a RustywoodCreations - $35,000 for providing false CMI, by applying its own logo/watermark connection with its unauthorized commercial exploitation of digital files containing two of the Subject Work

    i. Defendant Cora L. Hassall d/b/a TinnerInk18 - $17,500 for providing false CMI, by applying its own logo/watermark in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

    j. Defendant Mariyana Kancheva d/b/a Storefront TumblerWrapWorld - $17,500 for providing false CMI, by applying its own logo/watermark in connection with its unauthorized commercial exploitation of digital files containing a Subject Work.

11. All monies currently restrained in the Subject Defendants' financial accounts, including monies held by Etsy, any Financial Institutions, or any other Third-Party Provider are hereby released to Plaintiff as partial payment of the above-identified damages, and Etsy, the Financial Institutions, and any other Third-Party Provider are ordered to release to Plaintiffs the amounts from the Subject Defendants' accounts, including any Connected Accounts, within ten (10) business days of receipt of this Order.

12. Partial payments made pursuant to this Order shall not constitute full satisfaction of the judgment unless and until the total amount awarded, including post-judgment interest, has been fully paid. Plaintiffs may pursue collection of any remaining balance through all available means, including but not limited to continuing enforcement actions against the Subject

Defendants, the issuance of additional restraining orders against newly discovered accounts or assets, and any further proceedings necessary to ensure full satisfaction of the judgment.

13. Until Plaintiffs have recovered the full payment of monies owed by any Subject Defendant, Plaintiffs shall have the ongoing authority to serve this Order on Etsy, any Financial Institution, and/or any other Third-Party Provider in the event that any new accounts owned, controlled, or operated by any Subject Defendant is identified. Upon receipt of this Order, Etsy, any Financial Institution, and/or any other Third-Party Provider shall five (5) business days:

   a. Locate all accounts and funds connected to the Subject Defendants, and the Subject Defendants' Online Storefronts, including, but not limited to, any accounts connected to the Subject Defendants' Online Storefronts to which the Subject Defendants may transfer funds;

   b. Restrain and enjoin such accounts or funds form transferring or disposing of any money or other of the Subject Defendants' assets; and

   c. Release all monies restrained in the Subject Defendants' accounts to Plaintiffs as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

14. In the event that Plaintiffs identify any additional online marketplace accounts, storefronts, domain names, or financial accounts owned by any Subject Defendant, Plaintiffs may send notice of any supplemental proceeding to the Subject Defendant by email at the email addresses identified by Plaintiffs, and any email addresses provided by third parties as being owned or used by the Subject Defendant.

15. Pursuant to 28 U.S.C. § 1961, post-judgment interest shall accrue on the total monetary award, including damages, attorneys' fees, and costs, at the rate set forth by federal

law, from the date of entry of this Judgment until the total amount is fully paid. The applicable rate of post-judgment interest shall be calculated as provided in 28 U.S.C. § 1961(a), based on the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of entry of this Judgment. Such interest shall be compounded annually, as required by 28 U.S.C. § 1961(b). The Subject Defendants shall be responsible for the payment of post-judgment interest without the necessity of further action by the court or the prevailing party.

16. The Clerk of Court is directed to release and return the full bond amount of twenty-five thousand dollar ($25,000) to Axenfeld Law Group LLC, 535 N. Church St. #304, West Chester, Pennsylvania 19380.

Dated: May 13, 2025     *Louis L. Stanton*
                        Louis L. Stanton
                        United States District Judge

**APPENDIX A**

## Subject Defendants

| # | Name as Identified in Schedule A to Complaint | True Name(s) | Damages under 17 U.S.C. 504 | Damages under 17 U.S.C. 1203 | Total Judgment Amount |
|---|---|---|---|---|---|
| 1 | 3dmodelsByVadim | Vadim Burucenco | $ 30,000.00 | $ 17,500.00 | $ 47,500.00 |
| 7 | BeachCrafts247 | Sheri Mitchell | $ 30,000.00 | $ - | $ 30,000.00 |
| 10 | CandGDesignCreations | Christopher Michael Boyce | $ 30,000.00 | $ 17,500.00 | $ 47,500.00 |
| 12 | CreationsByKey12 | Keyonna Morgan | $ 30,000.00 | $ 10,000.00 | $ 40,000.00 |
| 14 | DakotaCuttingEdge | Chris Tougas | $ 30,000.00 | $ - | $ 30,000.00 |
| 16 | Deedeezthisandthat | Sandy Murrah | $ 30,000.00 | $ 17,500.00 | $ 47,500.00 |
| 20 | ElegantWebBoutique | Hatice Acar | $ 30,000.00 | $ - | $ 30,000.00 |
| 21 | ElizaJanesCreations | Laura Elizabeth Cox | $ 60,000.00 | $ - | $ 60,000.00 |
| 22 | FlamingoCloud | Adebonale Babatola | $ 30,000.00 | $ - | $ 30,000.00 |
| 24 | godsandghostsgallery | Shane Makanani | $ 30,000.00 | $ - | $ 30,000.00 |
| 25 | LakelandsTradeCo | Jason Kirk | $ 30,000.00 | $ - | $ 30,000.00 |
| 26 | LCCountryDesigns1 | Cameron L Schmitz | $ 30,000.00 | $ - | $ 30,000.00 |
| 27 | LeenCreatives | Muhammad Ehtasham | $ 30,000.00 | $ - | $ 30,000.00 |
| 28 | LittleFoxDesignsPNW | Erin Jackson | $ 30,000.00 | $ 17,500.00 | $ 47,500.00 |
| 30 | MugDesignsFiles | Barbara Szabo | $ 30,000.00 | $ 17,500.00 | $ 47,500.00 |
| 32 | QCDesignStore | Nguyen Quoc Cuong | $ 30,000.00 | $ - | $ 30,000.00 |
| 33 | ReelMonsterFishing | Laura Naklicki | $ 30,000.00 | $ - | $ 30,000.00 |
| 35 | RetroVintageSigns | On Tahoe Time Online, Inc., and Jana Walker Spano | $ 30,000.00 | $ - | $ 30,000.00 |
| 36 | RHOura | Ourajim Rachid | $ 30,000.00 | $ 17,500.00 | $ 47,500.00 |
| 38 | RusticPixelArtworks | Maneenat Roemwanit | $ 30,000.00 | $ 35,000.00 | $ 65,000.00 |
| 39 | RustywoodCreations | Russell Beard | $ 60,000.00 | $ 35,000.00 | $ 95,000.00 |
| 42 | ShelbyMakesStickers | Shelby L Thurston | $ 30,000.00 | $ - | $ 30,000.00 |
| 43 | SimpleDaysontheLake | Heather Hubel-Coleman and Bill Coleman | $ 30,000.00 | $ - | $ 30,000.00 |
| 44 | Subwrapz | Keith Leech | $ 30,000.00 | $ - | $ 30,000.00 |
| 46 | Teesperation | Sabrina Whitson | $ 30,000.00 | $ - | $ 30,000.00 |
| 47 | Testteezz | Jana Woods; Sean Sullivan | $ 30,000.00 | $ - | $ 30,000.00 |
| 49 | TheHowdyBoho | Tran Trong Hoa | $ 30,000.00 | $ - | $ 30,000.00 |
| 52 | Timbunner | Vu Thanh Tung | $ 30,000.00 | $ - | $ 30,000.00 |
| 53 | TinnerInk18 | Cora L Hassall | $ 30,000.00 | $ 17,500.00 | $ 47,500.00 |
| 56 | TumblerWrapWorld | Mariyana Kancheva | $ 30,000.00 | $ 17,500.00 | $ 47,500.00 |
| 59 | WhiskieButterfly | Danielle Tucker | $ 30,000.00 | $ 10,000.00 | $ 40,000.00 |
| 60 | woodupnorth | Gina Badgett | $ 30,000.00 | $ - | $ 30,000.00 |